No. 59.—CLAYTON WHITTINGTON, plaintiff in error, vs. WILLIAM SUMMERALL, defendant in error.

[1.] A person has no right to go into Equity, when he has the means of safety at Law.

[2.] A Court of Equity will not give aid to one who relies on a forged deed, until he has cleared himself of all connection with the forgery, if then.

In Equity, in Taylor Superior Court. Decided by Judge WORRILL, April Term, 1856.

This was a bill filed by Clayton Whittington against William Summerall, administrator of Susannah Cook, deceased. The bill charges, that in January, 1848, the heirs at law of Susannah Cook commenced an action of ejectment against complainant, to recover lot of land No. 229, in the 14th district of (then) Talbot, now Taylor County; to which said action complainant filed the plea of the Statute of Limitations; that subsequently, the plaintiffs being satisfied said plea could be established, dismissed said action; that no further action was brought for said land, until May, 1853, when William Summerall, as administrator of said Susannah Cook, deceased, brought an action of ejectment against complainant, which is now pending on the appeal, and which, unless enjoined, will result, at the next term of the Court, in a verdict for said administrator, and complainant will, contrary to equity, be turned out of possession. The bill charges, that said heirs at law are protected by none of the disabilities mentioned in the Statute of Limitations; and having failed to commence suit within the time prescribed, are barred of their right to recover; and that said administrator took out letters of administration for the sole purpose of depriving complainant of said land, and because he knew said heirs were barred, and believed that the Statute did not run against him until he

qualified as administrator on said estate, the bill alleging that said Susannah Cook died free from debt; and if she did not, leaving sufficient property, other than said land, to pay off all she owed. The bill charges, that complainant is in possession of said lot, as the tenant at will of Allen Whittington, and has been since the 1st day of January, 1853; that Allen Whittington was in possession, in good faith, from March 12th, 1841, (under a warranty deed from Irwin Whittington, dated the day previous; consideration, $300) to January 1st, 1853; that Irwin Whittington held a warranty deed to said lot from John Harrison, dated February 7th, 1839; and that John Harrison held a warranty deed, dated April 10th, 1839, executed by James Fullwood under a power of Attorney from Susannah Cook—all of which deeds and power of Attorney are on record. The bill further charges, that no creditors of Susannah Cook have ever preferred claims against said land, and complainant is satisfied that it is not necessary to deprive him of said land, in order to pay any claims which may exist against said deceased—she having left a large amount of other property amply sufficient to pay all her debts.

The bill, as amended, charges, that the heirs at law of Susannah Cook are numerous, and personally unknown to complainant; that defendant did not take out letters until he was advised that it was the only way by which complainant could be deprived of said land; that any debts which may exist against said deceased are out of date, and have been fraudulently "hunted up," as an excuse for commencing said suit; that defendant is a near relative of said deceased, and pretends that her burial expenses have not been paid, and which complainant now proposes to pay; that said Susannah Cook removed from Georgia to Mississippi with one of her sons, carrying with her a large amount of property, and that she died there.

The bill prays that said action of ejectment be enjoined, and that said defendant be made to answer the charges of the bill.

The bill was sanctioned, and defendant subsequently filed his answer thereto.

The answer admits, that the heirs at law of Susannah Cook brought suit for said land in 1848, and subsequently dismissed the suit, but does not admit that they did so because they were barred by the Statute; it admits that no other suit for the land was brought until 1853, when defendant commenced an action of ejectment which is now pending on the appeal, and which, he believes, will result as the bill charges; it denies that said heirs at law are barred by the Statute of Limitations; says that said heirs are somewhat numerous; that Susannah Cook left 8 children surviving her, whose precise ages defendant does not know; that several of them afterwards died, (and their estates were not administered upon,) leaving children—some of whom defendant believes to have been minors when he commenced said action of ejectment, and therefore not barred. The answer states, that defendant knows nothing of the deeds and power of Attorney under which complainant claims said lot, but alleges that if any such power of Attorney exists, it is a forgery, the said S. Cook having died in 1833, and said power of Attorney purporting to have been made in April, 1839; it denies that such deeds exist, or, if they do, that they were made *bona fide*, or were ever relied upon as genuine by the parties thereto; it admits that Allen Whittington may have taken possession of said lot on the 12th of March, 1841, but denies that he did so under an adverse or *bona fide* claim of title, or that his possession, or the possession of those under him, was continuous for 7 years next preceding the commencement of said action by defendant; it states that the claim of said Whittington had its origin in a forged power of Attorney and deed, and that said Whittington had no confidence in it as a *bona fide* title; it admits that defendant administered on the estate of Susannah Cook on the 12th day of November, 1849, but denies that he did so in fraud of any of complainant's rights; admits that he administered for the purpose of commencing suit against complainant for the benefit of the kindred and

creditors of said deceased, and relies upon the Statute not running against him until he took out letters, but denies that he administered because he believed the heirs at law were barred; it denies that there are no debts existing against the said Susannah Cook, or that she left sufficient property to pay her debts without resorting to said lot of land; alleges that said lot was about the only property left by her, and that defendant relies upon that to pay her funeral expenses and the expenses of her last illness, claims for which have been filed with defendant, amounting to nearly $500, and also the expenses of administration; it states that before complainant was sued for said land, defendant was notified by creditors of their claims against said deceased, said claims being nearly as much as said land is worth.  The answer admits that defendant did make inquiry, and ascertained that there were debts against said deceased, before he administered, and he took out letters for the benefit of the creditors (whose claims are not barred by lapse of time) and the kindred of said deceased ; it admits that Susannah Cook did go to the State of Mississippi in 1828 with her son, Henry Cook, and that she died there; it states that she carried with her only about $30 or $40 worth of property, it being wearing apparel, bed clothing, &c. ; and that she was principally supported whilst there by her sons, Henry and Thomas Cook, who paid her funeral expenses and expenses of last illness; it admits that defendant is a grand-son of Susannah Cook.

At the April Term, 1856, of Taylor Superior Court, defendant moved to dissolve the injunction granted in said case, on the ground that all the equity of the bill had been sworn off by the answer.

The Court granted the motion, and passed an order dissolving the injunction, and complainant's Counsel excepted.

SMITH & POU, for plaintiff in error.

STUBBS & HILL, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

Was the judgment of the Court below dissolving the in-junction right? We think it was.

[1.] There is no Equity in the bill. According to the bill, the title of the complainant is perfect at law; for, according to the bill, a deed from Susannah Cook makes part of that title. And that deed will always protect the complainant from a suit at law against him by Susannah Cook's represent-atives. As against them, therefore, he needs no aid from Equity.

[2.] It is true, that the answer says that the deed from Susannah Cook is a forgery; but (admitting that a complain-ant may supply defects in his bill from the answer) does this help the plaintiff at all? Can a person who relies upon a forged deed for even color of title, rightfully ask for the aid of a Court of Equity, unless he at least clears himself of all connection with the forgery, and of all knowledge of the deed's being a forgery? We think not. (*Ang. Lim. ch.* 31, §24.) Whether a person relying upon a forged deed can ask the aid of a Court of Equity at all, is not clear to us.

But these questions were not argued.

This, we think, constituted matters sufficient to require the Court to dissolve the injunction. Whether there may not have been others also, sufficient to require the Court to do that, we leave an open question.