## MAY *vs.* HUNTINGTON.

Those who enter a court of equity to ask relief must come with clean hands. Therefore, where a wife filed her bill against one who claimed land under a sheriff's sale thereof as her husband's property, and from whom she and her husband had since rented, to enjoin him from dispossessing them on the ground that the property was her separate estate; and where the bill and exhibits

showed that her claim rested on a voluntary conveyance from her husband, made after the debt under which the sale took place was contracted, for the purpose of defrauding his creditors, an injunction was properly refused.

Equity.   Injunction.   Husband   and   wife.   Before Judge UNDERWOOD.   Polk County.   At Chambers.   May 21, 1880.

Reported in the decision.

M. M. TIDWELL; C. G. JANES, for plaintiff in error.

IVY F. THOMPSON, by E. N. BROYLES, for defendant.

SPEER, Justice.

The plaintiff in error, as complainant, filed her bill for injunction, relief,etc., in Polk superior court, alleging the following facts:

That at the August term, 1875, of said court, the Cherokee Iron Company obtained a judgment against her husband, Henry May, on a debt due for rent of land for the year 1873.   That a *fi. fa.* from said judgment was levied on a house in Cedartown and twenty acres of land known as the "Waddell place," as the property of her husband; that he had no interest in said property, but the same "was her separate property."   The property was sold at public outcry and bid off by A. G. West, and he received a deed to same.   That, after this, in consideration of the fact that her husband was indebted to said West other sums, and to perfect the title of West to said premises, she executed to him a deed to the property.   She claims that this "separate property" was not bound for her husband's debts.   She alleges further, that she and her husband rented the property from West in 1879.   In 1880 West conveyed the property by deed, and all other claims he had against complainant and her husband, to Huntington, the defendant.   In February, 1880, Hunting-

ton sued out against her husband and herself a warrant as tenants holding over, and is seeking to eject them from the possession of the premises.   Complainant alleges said warrant is proceeding illegally, because "neither West nor any one claiming under him has any interest in said premises."   She alleges from her poverty she is unable to give the bond and security required by the statute to arrest eviction, and seeks an injunction to restrain defendant from enforcing said warrant, and also for a decree setting aside the sale by the sheriff, the deed to West, also the deed by complainant to West, the deed from West to Huntington, and for general relief.

To this bill complainant exhibits certain copy deeds. Among them is one signed by herself, dated 30th August, 1877, conveying the premises in dispute, for love and affection, to her husband.   In this deed there is a recital by her as follows, touching this property: "Said property, or land, having been, on the 21st July, 1874, conveyed by deed to me by Henry May, to avoid the payment of his just debts."   She also exhibits a copy of a deed made by her husband, Henry May, to West, dated 31st August, 1877, to these premises, the consideration expressed $1,000, and said deed ratified and confirmed by complainant's signature.

From this record it appears that the house and premises which the complainant seeks to hold possession of against this warrant, belonged to her husband in 1874, when the debt due to the Cherokee Iron Company was in existence, and from her own recitals in the deed (exhibited to her bill), she admits that Henry May, her husband, conveyed to her " to avoid the payment of his honest debts."   It appears further that this property was sold under the Cherokee Iron Company's *fi. fa.*; that complainant has, since said sale, conveyed to her husband, and joined him in conveying to West, under whom defendant holds; that in 1879, both complainant and her husband rented of West the premises.   With all these conveyances

and recitals and acts, so damaging to her claim as to this being her "separate property," based as it is, by her own admission, on a voluntary fraudulent deed executed to her by her husband, we can see no error or abuse of discretion on the part of the chancellor below in refusing this injunction. Those who come into a court of equity must come with clean hands, and not expect the aid of this court to protect them in the possession of property which, according to their own solemn admission, is held under a title fraudulently made "to avoid the payment of honest debts," and more especially when such title is asserted in opposition to one who holds under a sheriff's sale, made at the instance of a creditor whose debt was in existence, and which this fraudulent conveyance "sought to avoid."

Let the judgment of the court below be affirmed.