## COLEMAN, BURDEN & WARTHEN COMPANY v. DANNENBERG COMPANY *et al.*

Equity recognizes no property right in a trade-mark which is calculated to mislead and deceive the public as to the place where the goods sold under such trade-mark are manufactured. It follows that the words "Old Colony Shoe Company, Rockland, Mass.," used as a trade-mark by the seller of shoes not manufactured at the place named, which was, at the time the

trade-mark was adopted, a place having a reputation for the manufacture of fine shoes, were not such a trade-mark as would be protected by a court of equity. The prior use by the originator would authorize such court neither to enjoin the use of the same deceptive trade-mark by another dealer in the same character of goods, nor to award damages against him for such use.

Argued February 4, — Decided March 25, 1898.

Equitable petition. Before Judge Felton. Bibb superior court. April term, 1897.

*Steed & Wimberly*, for plaintiffs.
*Hardeman, Davis & Turner*, for defendants.

SIMMONS, C. J. It appears from the record, that in the year 1889 the S. T. Coleman & Burden Company of Macon, Ga., a corporation dealing in shoes, adopted as a trade-mark for its shoes the words "Old Colony Shoe Company, Rockland, Mass." They sold shoes bearing this trade-mark up to the year 1893, when the company was dissolved. Subsequently a corporation by the name of the Coleman, Burden & Warthen Co. was incorporated to do a shoe business in Atlanta, Ga. This latter company purchased the trade-mark as one of the assets of the former company. In 1894 and prior to that time, the Dannenberg Co., of Macon, Ga., were selling shoes bearing this trade-mark. Ascertaining this fact, the Coleman, Burden & Warthen Co. demanded of the Dannenberg Co. that it desist from using the trade-mark. This demand was refused, and the Coleman, Burden & Warthen Co. thereupon filed an equitable petition, seeking to enjoin the Dannenberg Co. from the use of the trade-mark, and to recover damages which it had sustained by reason of such use. Upon the trial of the case it appeared from the evidence that, at the time this trade-mark was adopted in 1889, Rockland, Massachusetts, had a reputation for making fine shoes; that the shoes upon which this trade-mark was placed were not made in Rockland; they were not manufactured by the "Old Colony Shoe Co., Rockland, Mass." (there being in fact no such company in existence), but by the Commonwealth Shoe & Leather Co., of Boston, Mass. The pleadings and the petitioner's evidence having shown these facts and others unnecessary here to mention, the court below

50

dismissed the action.   The plaintiff excepts to this ruling and assigns it as error.

We have carefully considered the record, and are satisfied that the court did not err in dismissing the action.   It is a well-recognized principle of equitable jurisprudence, that he who comes into equity must come with clean hands.   No person is entitled to equitable relief in a case where it is shown that his action is founded upon a matter in which his conduct is deceiving or is calculated to deceive the public.   On the subject of trade-marks, the rule as to misrepresentations by the plaintiff seems to be well settled.   In so far as it relates to misrepresentation as to the place of manufacture, it is announced in 26 Am. & Eng. Enc. L. 462, as follows: "It has been decided in a number of cases, that a false statement with reference to the origin of an article . . is such deceit as will disentitle the plaintiff to relief against infringement.   So, also, with reference to the place of manufacture; if an article is made in one place, but claimed to be derived from another, such a statement will deprive the plaintiff of relief.   Thus, where the plaintiff had resided at one place, but subsequently moved his factory to another near by, but failed to state upon his label that he had made the change, or that he was manufacturing at the new place, relief was denied him."   In the case of Joseph v. Macowsky, 96 Cal. 518, it was held that "A person who comes into a court of equity for an injunction in a case of this kind must come with clean hands; he can not be granted relief upon a claim to the exclusive use of a trade-mark which contains a false representation, calculated to deceive the public as to the manufacturer of the article and the place where it is manufactured."   In Ex parte Farnum & Co., 18 Pat. Off. Gaz. 412, Marble, Com'r, said: "Were I to admit the word 'Lancaster' to be an essential feature of the mark, the case would then be open to the further objection that the use of such word would convey a false impression to the public—viz.: that the goods were manufactured in Lancaster, when in fact they were made in Philadelphia. . .   Words calculated to deceive the public as to the place of manufacture should not be allowed registration."   In the case of Hobbs v. Francais, 19 How. Pr.

(N. Y.) 567, it is said: "To secure to the plaintiff by injunction an exclusive use of such a label, and the exclusive privilege of thereby deceiving the public, is an object to which a court of equity will not lend its aid. The court does not refuse its aid in such a case from any regard to the defendant, who is using the same efforts and misrepresentations to deceive the public; but on the principle that it will not interfere to protect a party in the use of trade-marks which are employed to deceive the public. In the case of Palmer *v.* Harris, 60 Pa. St. 156, 100 Am. Dec. 557, Sharswood, J., said: "The party who attempts to deceive the public by the use of a trade-mark which contains on its face a falsehood as to the place where his goods are manufactured, in order to have the benefit of the reputation which such goods have acquired in the market, is guilty of the same fraud of which he complains in the defendant." See also Manhattan Med. Co. *v.* Wood, 108 U. S. 218; Siegert *v.* Abbott, 61 Md. 276, s. c. 48 Am. Rep. 101; Kenny *v.* Gillett, 70 Md. 574. In the present case, the trade-mark placed upon the shoes of the plaintiff represents such shoes to have been made by the Old Colony Shoe Co., Rockland, Mass. The evidence shows that there was no such company, and that the shoes were made not at Rockland but at another place and by the Commonwealth Shoe & Leather Co. The trade-mark of the plaintiff is, therefore, a misrepresentation which is calculated to deceive the public by leading consumers to believe that the shoes were manufactured at a place which had a reputation for making fine shoes and by a manufacturing company located at that place. Under the rulings of the above-cited cases, which are decisive of the question, we think that the plaintiff is not entitled to any relief in a court of equity against one who uses the same deceptive trade-mark on the same character of goods.

*Judgment affirmed.　　All the Justices concurring.*