STATE HIGHWAY BOARD OF GEORGIA *et al.* v. CITY OF BAXLEY *et al.*

No. 13264.   MAY 17, 1940.

*Lamar Murdaugh,* assistant attorney-general, *D. C. Chalker, C. E. Jackson,* and *Wade H. Watson,* for plaintiffs.

*J. B. Moore* and *Highsmith & Highsmith,* for defendants.

GRICE, Justice. ▪ The State Highway Board contends that it is entitled to injunction under the principles underlying the decisions of this court in the following cases: *Griffin* v. *Augusta & Knoxville Railroad,* 70 *Ga.* 164; *Charleston & Western Carolina Ry. Co.* v. *Hughes,* 105 *Ga.* 1 (30 S. E. 972, 70 Am. St. R. 17); *Atlanta, Knoxville & Northern Ry. Co.* v. *Barker,* 105 *Ga.* 534 (31 S. E. 452); *Georgia Power Co.* v. *Kelly,* 182 *Ga.* 33 (184 S. E. 861). The authorities on which these decisions rest are to the effect that an owner will not be allowed, by pursuing a particular remedy, either to recover or have sold under legal process a segment of a railroad or other means of transportation, or an electric power

company, or any other concern whose property is devoted to a great public use, when the disruption of a portion would interfere with the service as a whole, in at least two instances: (a) If it be shown that the original entry was with the consent of the owner or creditor; (b) or that the entry, although without his consent, was so long acquiesced in that to allow the company to be ejected would either dismember the property of the company, or essentially interfere with its ability to discharge the public duties incumbent upon it. In *Farmers Loan & Trust Co.* v. *Candler,* 87 *Ga.* 241 (13 S. E. 560) it was pertinently observed: "A railroad with its depots, bridges, and other appurtenances, is no less an entirety than a dwelling-house with its kitchen, its chimneys and its door-steps; and yet no one has ever supposed that a mechanic's lien could be enforced against the doorsteps or chimneys of a dwelling-house, or that they could be sold and removed, to the utter destruction of the whole property." In *Charleston & Western Carolina Ry. Co.* v. *Hughes,* supra, it was aptly said: "Controversies in reference to the possession of land, where the rights of individuals only are involved, are purely matters of private concern. Controversies in which a corporation charged with the duties incumbent upon carriers of passengers, freight, and mails, in which an effort is made by private individuals or others to take away from such corporation a part of the property in its possession, which is absolutely essential to its complete performance of the public duties required of it, become matters of more than private concern, and in which the public is deeply and seriously interested. For this reason it has become settled law that the harsh remedies which would be allowed to one individual against another in reference to the possession of land will not be allowed to one who is seeking to recover such property from a railroad company, when exact justice can be done to such owner by giving him remedies which are less severe in their nature, and by which he would secure substantially the same rights, thereby saving to the public the right to require a performance of the public duties incumbent upon the corporation whose property is the subject-matter of the controversy." Many authorities are reviewed in the case last cited; and others cited in *Atlanta, Knoxville & Northern Ry. Co.* v. *Barker,* supra, are to the effect that an owner who remains inactive and permits a railroad to go on and expend large sums on the work will be

regarded as having acquiesced therein. Later authorities were cited, and the principle again was applied, in *Georgia Power Co.* v. *Kelly,* supra.

But in the instant case, although the State Highway Board seeks the aid of a court of equity, it does not in its petition offer to do equity. Code, § 37-104. It can not, as an instrument of government and as against the owner, take private property for public uses without adequate compensation being paid therefor. Neither can it in good conscience, as to one who holds a valid lien against property acquired by it for road purposes, deny redress for the injury done such lienholder, when, by incorporating such property into a State highway, it puts it beyond the reach of process based on such lien. Since it does not appear that the State Highway Board has made any effort to adjust the equity owing to the lienholder, to wit the holder of bonds issued under the Baxley street-improvement act, approved July 30, 1927 (Ga. Laws 1927, pp. 902-916), it is not entitled to injunction, and the judge was right in denying it. Under the principles above stated, however, notwithstanding the property may be sold by the marshal, it will not be too late for the State Highway Board under proper pleadings to prevent the dismemberment of that portion of the highway here involved; provided compensation is paid to the holders of the paving bonds, to cover such an amount as they may have been damaged by reason of the appropriation for highway purposes of a portion of the property on which they hold valid liens.

Whether that portion of the testimony of Dunn objected to was properly or improperly admitted can not affect the judgment in the present writ of error; and hence no ruling will be made thereon. In hearings on interlocutory injunctions, the rules of evidence are not in all respects as rigidly enforced as on final trials. It has been held that the admission of some secondary evidence, or the admission of some hearsay or opinion evidence, will not necessarily require a reversal. *Southern Cotton-Oil Co.* v. *Overby,* 136 *Ga.* 69 (70 S. E. 664).

*Judgment affirmed. All the Justices concur.*