TANNER *et al.* v. WILSON *et al.*

No. 13751. November 14, 1941.

212

214

*Heath & Heath,* for plaintiffs.
*Wilson, Bennett, Pedrick & Bennett, R. A. Moore, Mingledorff*

*& Roberts, G. Stokes Walton, Harry D. Reed,* and *J. S. Averill,* for defendants.

REID; Chief Justice. He who comes into equity must come with clean hands, "is . . a universal rule guiding and regulating the action of equity courts in their interposition on behalf of suitors for any and every purpose, and in their administration of any and every species of relief." Under this maxim, "whenever a party, who, as *actor,* seeks to set the judicial machinery in motion and obtain some remedy, has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him in limine; the court will refuse to interfere on his behalf, to acknowledge his right, or to award him any remedy." 1 Pomeroy's Equity Jurisprudence, 737, 738, § 397; *Coleman, Burden & Warthen Co.* v. *Dannenberg Co.,* 103 *Ga.* 784 (30 S. E. 639, 41 L. R. A. 470, 68 Am. St. R. 143) ; *Whittington* v. *Summerall,* 20 *Ga.* 345; *Peacock* v. *Terry,* 9 *Ga.* 137; *May* v. *Huntington,* 66 *Ga.* 208; *Deen* v. *Williams,* 128 *Ga.* 265 (57 S. E. 427) ; *Tune* v. *Beeland,* 131 *Ga.* 528 (62 S. E. 976) ; *Bagwell* v. *Johnson,* 116 *Ga.* 464 (42 S. E. 732) ; *Sewell* v. *Norris,* 128 *Ga.* 824 (58 S. E. 637, 13 L. R. A. (N. S.) 1118) ; *State Highway Board* v. *Baxley,* 190 *Ga.* 292 (9 S. E. 2d, 266). In the present case the auditor found, and this finding is abundantly supported by the evidence adduced, that the plaintiff's deed from Mrs. Tanner, under which he claims, was made for the purpose of defrauding her creditors, and especially Wilson in respect to the notes on which he sued, and that this unlawful purpose was knowingly participated in by him. While, under these facts, the plaintiff's title would be good as against Mrs. Tanner, and even as against the creditor "to the extent that he may *defend an action against him* by showing defects in the proceedings" (27 C. J. 666; Leonard *v.* Bryant, 2 Cush. (Mass.) 32; 2 Moore on Fraudulent Conveyances, 672), under a proper application of the above principle he is in no position to attack the judgment obtained by Wilson against Mrs. Tanner, and invoke the equitable powers of the court to set aside the sale thereunder, basing his rights on this deed which was made to him for the unlawful purpose of defrauding the very person against whom he now seeks relief. Especially is this true in the absence of a tender by the plaintiff to Wilson of the amount of his debt. "He who would have equity must do

equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit." Code, § 37-104.

The decision by this court on the former appearance of the case did not adjudicate that the plaintiff was a bona fide purchaser for a valuable consideration, as contended. It was simply ruled that, taking as true his own allegation that he was a bona fide purchaser for value, his petition stated a cause of action against general demurrer. Nor is it a sound argument that the defendant Wilson is estopped from contending that the plaintiff is not a bona fide purchaser for value, because he had made a motion to dismiss Mrs. Tanner's affidavit of illegality to the levy of the execution on the ground that it appeared from the allegations of her affidavit that she had executed a warranty deed conveying to the present plaintiff her interest in the property, and accordingly had no interest to protect, which motion was sustained by the lower court; and further, because he had alleged in his answer to the affidavit of illegality that she had executed a warranty deed to the present plaintiff conveying all of her interest in the property. The position taken by Wilson in that case that Mrs. Tanner, according to her own allegation, had conveyed her interest in the property by warranty deed to the present plaintiff, and accordingly could not maintain an affidavit of illegality to the levy of the execution on the property, is in no wise inconsistent with his present contention that the plaintiff was a fraudulent grantee and had no standing to seek affirmative equitable relief in reference thereto against him.

It follows from the above view of the case that the plaintiff is not entitled to any of the relief sought; and since the judgment and payment of the security deed thereunder are to be taken as valid as against the plaintiff in the present case, it is not necessary for the defendant Wilson to obtain the affirmative equitable relief prayed for in his cross-bill, and accordingly no such relief should have been granted. It is therefore directed that the court amend its decree by simply denying to the plaintiff the relief sought, eliminating the grant of any relief to Wilson on his cross-bill.

*Judgment affirmed, with direction. All the Justices concur.*