## McKINNEY *v.* ATKINSON *et al.*

DUCKWORTH, Chief Justice. 1. L. C. McKinney sued William J. Atkinson and Fulton Metal Bed Manufacturing Company, praying for an accounting that would pay his debt to Atkinson and release fifty shares of stock in the defendant corporation which he had transferred to Atkinson as security for a debt, for an injunction, and for a judgment against Atkinson. The case was referred to an auditor, before whom this record of over 600 pages was made, and the exceptions here are to the judgment overruling exceptions to the auditor's findings of fact and conclusions of law, and to the final judgment making such findings and conclusions of the auditor the judgment of the court and adjudging that the petitioner's prayers be denied and that the defendants have judgment against the plaintiff for all court costs.

2. The petitioner's entire claims against the defendants depend upon his recovery of the fifty shares of stock which he transferred unconditionally to the defendant Atkinson, and his testimony shows that he transferred that stock for the fraudulent purpose of hindering and delaying his creditors. He therefore comes into court with unclean hands and must be denied this relief. 19 Am. Jur. 323-326, §§ 469, 471; *Fouche* v. *Brower,* 74 *Ga.* 251; *Sewell* v. *Norris,* 128 *Ga.* 824 (58 S. E. 637); *Tune*

v. *Beeland,* 131 *Ga.* 528 (62 S. E. 976); *Atlanta Assn. of Fire Ins. Agents* v. *McDonald,* 181 *Ga.* 105 (181 S. E. 822). The defendants need not invoke the clean-hands maxim, as the court will apply it of its own accord. *Roberts* v. *Roberts,* 182 *Ga.* 568 (186 S. E. 192). "One who confesses to have voluntarily conspired with another to defeat a creditor of the latter can not be heard to complain that this partner in the fraudulent enterprise did not keep faith with him but victimized him also." *Bagwell* v. *Johnson,* 116 *Ga.* 464 (42 S. E. 732). See also *Sewell* v. *Norris,* 128 *Ga.* 824 (supra).

3. The foregoing ruling destroys the foundation of the plaintiff's action, since all his other claims are predicated upon his claim to the fifty shares of stock. Consequently, the evidence demanded the judgment complained of, and it is unnecessary to deal further with this massive record.

*Judgment affirmed. All the Justices concur.*

No. 17816. SUBMITTED APRIL 15, 1952—DECIDED MAY 12, 1952.

*Winfield P. Jones* and *F. L. Breen,* for plaintiff.
*John R. Burress* and *Woodrow W. Tucker,* for defendants.