18709. MID-GEORGIA NATURAL GAS CO. *v.* CITY OF COVINGTON *et al.*

Argued September 14, 1954—Decided October 13, 1954— Rehearing denied November 10, 1954.

**164**

*Rollins & Lucas, Howard & Harmon,* for plaintiff in error.
*Reuben Tuck, R. Pat Campbell, John E. Feagin,* contra.

DUCKWORTH, Chief Justice. ■ The charter of the City of Covington is mandatory in its requirement, as a condition precedent to the adoption of an ordinance, that after being read the ordinance "shall be published in full in the official county newspaper and shall not come up for passage until five days after such publication." Ga. L. 1937, pp. 1718, 1722. This requirement accords with the general rule on the subject. 37 Am. Jur. 763, § 151. Very clearly this requirement of publication is designed to protect the citizens of the city and as a restriction upon the actions of the mayor and council. The procurer of the ordinance granting the franchise in this case is charged with knowledge of this law, and its limitation upon the power of the council to adopt ordinances. The evidence in the record discloses that the original ordinance franchise, after an amendment had been added thereto, was, at his urging, adopted without even a pretense of complying with the law requiring publication. This conduct of his—procuring public officials to knowingly exceed their lawful power in order to give him possession of a document purporting to be a franchise for his use before an

agency of the Federal government, for the purpose of deceiving that agency and thereby procuring its action in accord with his wishes—constitutes "unclean hands" and is an insuperable bar to his obtaining relief in equity. *Tanner* v. *Wilson*, 193 *Ga.* 211 (17 S. E. 2d 581); *McKinney* v. *Atkinson*, 209 *Ga.* 49 (70 S. E. 2d 769).

■ But counsel for the alleged transferee of the franchise, having completely overlooked the foregoing rule on "unclean hands," seek to invoke in their behalf the rule of equitable estoppel. In support of this position, they cite and rely mainly upon *City of Summerville* v. *Georgia Power Co.*, 205 *Ga.* 843 (55 S. E. 2d 540); *City of Atlanta* v. *Gate City Gas Light Co.*, 71 *Ga.* 106; *Langley* v. *City Council of Augusta*, 118 *Ga.* 590 (45 S. E. 486, 98 Am. St. R. 133). While in the cases thus relied upon it was held that, since the actions of the cities were within their powers, and the complaint was solely because of an incorrect exercise of an admitted power, and in relying, in the utmost good faith, upon the validity of the action of the cities, great expenses, as in the first case cited, had been incurred over a period of more than twenty years, it would be unjust, inequitable, and unfair to allow the city to resort to its failure to conform to the law in the first instance, and, to prevent this, equity would interpose an estoppel against the city.

It would seem that the most casual reading of those decisions with the facts in the present case in mind would plainly show the glaring difference in the vital facts, and, therefore, the inapplicability of those decisions here. The defendant proved that the original grantee of the franchise, who is an officer of the petitioner corporation, and his alleged present successor knew the invalidity of the franchise, and however much money they might have expended, it was done without believing they held a legal and valid franchise. Under these facts in this record, an equitable estoppel can not be justified to deny the invalidity of the alleged franchise. Consequently, the finding refusing to enjoin the city was authorized by the evidence, and the court did not err in denying the motion for new trial.

*Judgment affirmed. All the Justices concur.*