## 23365.   DANIELL v. COLLINS.

ARGUED FEBRUARY 14, 1966—DECIDED MARCH 10, 1966—
REHEARING DENIED MARCH 22, 1966.

*Perry, Walters, Langstaff & Lippitt, Thad W. Gibson,* for appellant.

*Twitty & Twitty, Frank S. Twitty, Frank S. Twitty, Jr.,* for appellee.

COOK, Justice. The appellant's only assignment of error is that there was a genuine issue in the case as to material facts, and that the appellee was not entitled to a summary judgment as a matter of law.

While the pleadings create genuine issues as to material facts, the depositions of the parties totally fail to support these issues as to the controlling points to be resolved by this court, namely, whether the appellant Daniell was mentally incompetent, and whether under the pleadings and depositions he was entitled to the equitable relief sought. See *Crutcher v. Crawford Land Co.,* 220 Ga. 298 (3) (138 SE2d 580).

"The law presumes every man to be sane until there is evidence to the contrary, and the burden is on the party attacking a contract to show the incompetency of the signer at the time of the execution thereof, . . ." *Jones v. Smith,* 206 Ga. 162 (8) (56 SE2d 462). The appellant has not attempted to demonstrate his lack of mental capacity to know the effect of the conveyance he executed. His deposition shows that he owns other land and has entered into a lease contract with the Great Southern Timber Corporation for a consideration which included the payment by the corporation of all taxes on this land. The allegation in the petition of mental incompetency, supported by no evidence, would not make an issue of fact preventing the appellee from obtaining a summary judgment in his favor.

The appellant in his deposition admitted that the conveyance was made by him for the purpose of evading the payment of taxes, and he gives no other explanation for executing it. Hence this court is compelled to apply the maxim of "unclean hands" on the part of the appellant in conveying the property to the appellee. *Mid-Georgia Natural Gas Co. v. City of Covington,* 211 Ga. 163 (1) (84 SE2d 451); *Sammons v. Tingle,* 216 Ga. 509 (117 SE2d 531).

In *McKinney v. Atkinson*, 209 Ga. 49 (2) (70 SE2d 769), this court applied this maxim even though the issue was not raised in the pleadings, and held that the evidence demanded the judgment as a matter of law. In that case Chief Justice Duckworth, speaking for the court, gave the following ruling: "The defendants need not invoke the clean-hands maxim, as the court will apply it of its own accord."

In *Whitley v. Whitley*, 220 Ga. 471 (139 SE2d 381), the petition seeking a cancellation of contracts showed that the purpose of the petitioner in executing the contracts was to avoid estate taxes by a sham transaction, and this court held: "The petition, which showed that the petitioner had come into court with unclean hands, failed to allege facts authorizing cancellation of the contracts, and therefore did not set forth a cause of action for any of the relief sought."

Since the deposition of the appellant in the present case showed that the purpose of the transaction was the fraudulent evasion of taxes, which would preclude relief in a court of equity, the trial judge did not err in granting the motion of the appellee for summary judgment.

*Judgment affirmed. All the Justices concur.*