## 23803. SMITH v. DAVIS.

Argued December 14, 1966—Decided January 5, 1967.

*J. B. McCurdy*, for appellant.

*W. Fred Orr, II, Swertfeger, Scott & Pike*, for appellee.

Grice, Justice. This appeal is from the sustaining of a plea of res judicata. The plea was interposed to a petition filed on April 4, 1966, in the Superior Court of DeKalb County by Thermon B. Smith against William H. Davis, individually and d/b/a Southern Bridge & Tank Painters, Inc.

The defendant's plea of res judicata recited in substance that the same issues and alleged causes of action in the present case were determined in a former suit between the same parties, a copy of which was attached; that a final judgment was rendered in the former suit denying the plaintiff's prayers and dissolving the temporary restraining order granted therein; that

the pleadings and prayers are identical in substance; and that the parties and subject matters are identical.

Upon the hearing on such plea the record in the former suit was introduced in evidence.

That suit, between the same parties, was filed on January 31, 1966. There the plaintiff Smith alleged that the defendant Davis fraudulently obtained from him two security deeds and a warranty deed, and sought temporary and permanent injunction against sale of the property involved therein, and also cancellation of the deeds. The trial court entered an order requiring the defendant to show cause on March 3 why the prayers of the petition should not be granted, and enjoined and restrained the defendant from proceeding with the impending public sale. On March 3, the trial judge entered an order reciting that "The above styled matter coming on regularly to be heard, and after consideration thereof, it is hereby ordered and adjudged that the prayers of the [plaintiff] are denied and that the temporary restraining order heretofore granted in this matter is dissolved." On April 4, the plaintiff dismissed that suit.

On the same date he dismissed that suit, the plaintiff filed the present one. Its allegations and prayers are essentially the same as those of the former suit. The trial judge ordered the defendant to show cause on April 29 why the prayers of this petition should not be granted. The order also enjoined and restrained the defendant from proceeding with a foreclosure sale.

The sustaining of this plea of res judicata was, in our view, erroneous.

One of the requisites for res judicata, adjudication on the merits, was not present.

Our *Code*, § 110-503, provides that "A former recovery on grounds purely technical, and where the merits were not and could not have been in question, shall not be a bar to a subsequent action brought so as to avoid the objection fatal to the first. For the former judgment to be a bar, the merits of the case shall have been adjudicated."

Here, upon the interlocutory hearing for injunction the merits of the plaintiff's former suit, which sought not only temporary

injunction, but also permanent injunction and cancellation of the documents, could not have been properly passed upon. These involved issues of fact. It is well established that "on an interlocutory hearing, the trial court is without authority to adjudicate finally issues of fact, but should pass on such questions only so far as to determine whether the evidence authorizes the grant or refusal of the interlocutory relief. [Citations.]" *Kight v. Gilliard*, 214 Ga. 445, 447 (105 SE2d 333).

*Judgment reversed. All the Justices concur.*