### 24522.   OLIVER et al. v. FORSHEE et al.

ARGUED MARCH 12, 1968—DECIDED APRIL 4, 1968.

*John S. Sims, Jr.,* for appellants.
*Peter Zack Geer, Smith, Gardner, Wiggins & Geer,* for appellees.

MOBLEY, Justice. The equitable petition of W. M. Forshee and Mrs. Esther Forshee against Robert B. Oliver and Mrs. Doris Oliver alleged that the petitioners, as lessors, entered into a written lease with the defendants, as lessees, leasing the restaurant and lounge on the premises of the Holiday Inn in Tifton, Georgia. It was asserted that the defendants have forfeited their lease under its terms, and under *Code* § 58-106, by the illegal sale of alcoholic liquors on the leased premises. They sought a judgment declaring the lease void and canceled, and temporary and permanent injunction, restraining and enjoining the defendants from trespassing on the leased premises.

At the interlocutory hearing the defendants admitted that they had sold alcoholic liquors on the leased premises prior to the time that Robert B. Oliver entered a plea of guilty in the Superior Court of Tift County to a criminal charge of violating the liquor laws on the premises. The petitioners operate the Holiday Inn at Tifton, and they subleased the restaurant and lounge to the defendants. The defendants obtained a charter for a private club and attempted to circumvent the prohibition against the illegal sale of alcoholic liquors at the lounge by issuing membership cards to guests of the Holiday Inn, which entitled the guests to buy alcoholic liquors at the lounge.

The defense of the defendants was that the petitioners had come into equity with unclean hands. They offered evidence for the purpose of showing that the petitioners knew of the formation of the club and its purpose; that the alcoholic liquors were sold with the knowledge and consent of the petitioners; that the petitioners drank alcoholic liquors purchased from the lounge; and that they knowingly received a percentage of the sales from the alcoholic liquors.

The trial judge entered an order holding that the lease between the parties was forfeited by the defendants by their violation of the law against selling alcoholic liquors, and temporarily restraining the defendants from trespassing upon, operating, and occupying the restaurant and lounge. Seven days were given the defendants to remove their properties from the premises. The appeal is from this order.

■ "On the hearing of an application for an interlocutory in-

junction, the presiding judge should not undertake to finally adjudicate issues of fact, but should pass on such questions only so far as to determine whether the evidence authorizes the grant or refusal of the interlocutory relief." *Florida Central R. Co. v. Cherokee Sawmill Co.*, 137 Ga. 815 (6) (74 SE 523); *Kight v. Gilliard*, 214 Ga. 445 (2) (105 SE2d 333); *Smith v. Davis*, 222 Ga. 839, 841 (152 SE2d 870).

The trial judge was without authority, at the interlocutory hearing, to make a final determination of the issue of fact as to whether the petitioners would be prevented from seeking the aid of a court of equity in the cancellation of the lease of the defendants because of unclean hands. As to the doctrine of unclean hands, see *Code* § 37-112; *Griffith v. City of Hapeville*, 182 Ga. 333 (185 SE 522); *Tanner v. Wilson*, 193 Ga. 211 (17 SE2d 581); *McKinney v. Atkinson*, 209 Ga. 49 (70 SE2d 769); *Mid-Georgia Natural Gas Co. v. City of Covington*, 211 Ga. 163 (84 SE2d 451). It was error on the interlocutory hearing to make a finding that the lease had been forfeited.

■ "It is not the function of an interlocutory injunction to oust one person from adverse possession of realty and personalty, and cause such possession to be delivered to another. This is mandatory." *Dekle v. McLeod*, 144 Ga. 289, 291 (2) (86 SE 1082). "The writ of injunction is not an available process to oust a person from peaceful occupancy of premises where such person claims the right of occupancy under an agreement of tenancy." *Nelson v. Billingslea*, 187 Ga. 492 (1 SE2d 659). See also *Hopkins v. Vance*, 153 Ga. 754 (1) (113 SE 157); *Beck v. Kah*, 163 Ga. 365 (136 SE 160); *Bond v. Harrison*, 176 Ga. 568 (168 SE 604).

The injunction granted was not issued to restrain the defendants from an illegal operation of the leased premises. There was no evidence that the defendants had violated the liquor laws after the criminal case was made against Robert B. Oliver. The defendants are holding under a valid lease until there is an adjudication (if such be made) on the final trial of the case that the petitioners have a right to declare the lease forfeited. The trial judge had no authority by interlocutory injunction to dispossess them from the leased premises.

*Judgment reversed. All the Justices concur.*