## 35867. SENTER v. FURMAN.

HILL, Justice.

This is a suit in equity to declare that a house and lot which Dr. James Senter, a dentist, conveyed by warranty deed to his nursing assistant, Anna Louise Furman, is held by her under a constructive trust. Dr. Senter contends that it was error to grant summary judgment to Ms. Furman on his complaint seeking to have the constructive trust imposed, because, he contends, there were genuine issues of material fact to be tried by a jury.

Dr. Senter executed the warranty deed on his Powers Ferry home, reciting a consideration of "Ten dollars and other good and valuable consideration," when he was 74 and in poor health. He contends that due to his weakened physical and mental condition he was induced to execute the deed by the fraud and undue influence of Ms. Furman at a time when he was facing a malpractice claim which could have cost him all his assets, and that she promised to return the property to him after that exposure was over.[1]

Dr. Senter's personal physician testified by deposition that he was senile, that he suffered from loss of memory, and that he exhibited lack of judgment in that he insisted on driving a car and going to work at his office. At the hearing it was stipulated that Dr. Senter knew and understood what he was doing when he executed the deed

---

[1] Ms. Furman testified that Dr. Senter said he was giving the land to her for her services rendered over the years. However, on motion for summary judgment, we consider the evidence most favorable to the respondent to the motion.

in question. Dr. Senter testified by deposition that he signed the deed of his own free will. Thus the evidence was undisputed that Dr. Senter was competent and under no undue influence when he executed the deed.

Regarding the claim of fraud and insofar as Dr. Senter's motive for conveying the property to Ms. Furman in trust is concerned, equity will not enforce the alleged trust arrangement.

"Equity may declare a trust to exist under the circumstances specified in Code § 108-106. *Vickers v. Vickers,* 133 Ga. 383 (65 SE 885) (1909). However, equity will not do so at the insistence of a party who lacks clean hands with respect to those matters concerning which he seeks relief. *Griffith v. City of Hapeville,* 182 Ga. 333 (2) (185 SE 522) (1936); *Sammons v. Tingle,* 216 Ga. 509 (117 SE2d 531) (1960)." *Griggs v. Griggs,* 242 Ga. 96, 97 (249 SE2d 566) (1978).

In *Whitley v. Whitley,* 220 Ga. 471 (139 SE2d 381) (1964), plaintiff sought cancellation of contracts and creation of a trust, alleging that he had transferred control of his corporation to his sons to avoid estate taxes but that it was understood that his sons would cancel the contracts at his request. This court denied relief, saying (220 Ga. at 473): "According to the petitioner's own allegations, he comes into equity with unclean hands. Therefore, he must fail." See also *Daniell v. Collins,* 222 Ga. 1 (148 SE2d 295) (1966); *Clarie v. Rue de Paris, Inc.,* 239 Ga. 191, 194 (236 SE2d 272) (1977).

The holding of *Whitley v. Whitley,* supra, is equally applicable to conveyances used to conceal assets from creditors. In *Bagwell v. Johnson,* 116 Ga. 464, 468 (42 SE 732) (1902), the court said: ". . . this is simply a case where two persons complotted to hinder, delay, and defeat a creditor of one of them, with the result that one of the wrong-doers himself falls a victim to the wiles of the other. In all such cases this court has uniformly held that no relief can be afforded the victimized wrong-doer, but that the parties are to be left as they stand. [Cits.]" See also *McKinney v. Atkinson,* 209 Ga. 49 (2) (70 SE2d 769) (1952).

The trial court did not err in granting summary judgment to the defendant.

*Judgment affirmed. All the Justices concur, except Nichols, J., who concurs in the judgment only.*

SUBMITTED JANUARY 18, 1980 — DECIDED MARCH 4, 1980 — REHEARING DENIED MARCH 18, 1980.

*Daniel Lee Dean,* for appellant.
*Macey & Zusmann, Abraham Sharony, Steve Schaikewitz,* for appellee.