**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 11, 2014**

# In the Court of Appeals of Georgia

A14A0281. ROACH v. ROACH.

ANDREWS, Presiding Judge.

Appellee Randall Wayne Roach commenced an action in the trial court against his son, Appellant Kenny Allen Roach, for reformation of a deed transferring property to Appellant. Following a jury verdict finding that the disputed property was subject to a resulting trust, the trial court entered a judgment in Appellee's favor and ordered Appellant to convey the property to Appellee and his attorney, as tenants in common. Appellant now appeals, arguing that the trial court should have granted his motion for directed verdict on equitable grounds because the resulting trust found by the jury arose out of an attempt to defraud creditors. Appellant also argues that the trial court erred in awarding an interest in the property to Appellee's attorney. We conclude that Appellant was entitled to a directed verdict and therefore reverse.

On appeal from the denial of a motion for a directed verdict, we construe the evidence in the light most favorable to the party opposing the motion, and the standard of review is whether there is any evidence to support the jury's verdict. *Monitronics Intl. v. Veasley*, 323 Ga. App. 126, 130 (1) (746 SE2d 793) (2013).

Appellee's petition alleged that in 1996, Appellee contracted to purchase a 4.83-acre tract of land in Long County from Billy and Leigh Brock but when the purchase price was fully paid in June 2009, Appellee "had some legal pending matters and potential liens and did not desire to have the property transferred of record to his name." According to the petition, Appellant agreed to hold the property in trust for Appellee, and the Brocks conveyed the property to Appellant on August 3, 2009. The petition alleged that although Appellant has no equitable ownership in the property, he refused to convey it to Appellee.

Appellant testified at trial that Appellee told him "quite a few times" that he would give Appellant the property. Appellant stated that he worked for Appellee, who owned a carnival business, and that the property was supposed to be part of his payment. Appellee, however, denied that he promised to give the property to Appellant. Appellee testified that he put the property in Appellant's name because "I was afraid I'd get it tied up in some legal problem I had with the liens . . . on me."

2

Appellee stated that he thought Appellant was the only one he could trust to hold the property and transfer it to him after the legal issues were resolved. Appellee testified that Appellant agreed to the arrangement but that when he asked Appellant to quitclaim the property to him in May 2010 after he "got everything straightened out," Appellant refused. On cross-examination, Appellant's counsel asked Appellee: "And you don't deny, in your pleadings and now, that your whole intention was to make sure that somebody that you owed money to didn't come after the property when it was paid off?" Appellee responded that he did not deny this intention. Appellee later testified that the liens motivating the transfer to Appellant were in the amount of $60,000 each and that he subsequently resolved them for lesser amounts.

The trial court denied Appellant's motion for directed verdict. The case was submitted to the jury, and it returned a verdict finding that a resulting trust was created and that the property should be conveyed to Appellee.

1. Appellant argues that the trial court erred in denying his motion for directed verdict because the doctrine of unclean hands forecloses any relief to Appellee on his petition. We agree.

"It is well established . . . that equity is not available to one who lacks clean hands as to the relief being sought." *Williams v. Williams*, 255 Ga. 264, 265 (336

3

SE2d 244) (1985); OCGA § 23-1-10 ("He who would have equity must do equity and must give effect to all equitable rights of the other party respecting the subject matter of the action."). Appellant testified at trial that Appellee intended to give him the property. Appellee, on the other hand, asserted that he reached an understanding with Appellant that the property would be placed in Appellant's name to keep it from getting "tied up in some legal problem I had with the liens . . . on me" and that Appellant would convey it to Appellee when those issues were resolved. Appellee admitted that his "whole intention" in having the property transferred to Appellant was to shield it from creditors. If the parties reached the agreement Appellee described, then "this is simply a case where two persons [plotted] to hinder, delay, and defeat a creditor of one of them, with the result that one of the wrong-doers himself falls a victim to the wiles of the other." (Citation and punctuation omitted.) *Senter v. Furman*, 245 Ga. 483, 484 (265 SE2d 784) (1980). In such cases, "no relief can be afforded the victimized wrong-doer," and "the parties are to be left as they stand." Id.; see also *Langan v. Langan,* 224 Ga. 399, 402 (2) (162 SE2d 405) (1968) ("An executed contract . . . made for the purpose of delaying or defrauding a creditor, is binding upon the maker, and he is estopped from impeaching it.") (citations and punctuation omitted).

Whether a deed is made with the intent to delay or defraud creditors is ordinarily an issue of fact for the jury, see *Goodman v. Lewis*, 247 Ga. 605, 606 (1) (277 SE2d 908) (1981), but in this case there was no material dispute in the evidence with respect to Appellant's intent. If the transfer was not intended as a gift, it was, according to Appellee's repeated admissions, made for the purpose of frustrating his creditors. As such, the trial court erred in denying Appellant's motion for directed verdict. See *Williams*, supra, 255 Ga. at 265 (defendant was entitled to directed verdict in ex-husband's action to compel conveyance of property when he freely admitted that property was placed in defendant's name to avoid alimony claim against it by his second wife); *Senter v. Furman*, 245 Ga. at 484 (trial court did not err in granting summary judgment in dentist's action to impose a constructive trust when the evidence established that he transferred property with intent to avoid liability exposure on malpractice claim). Appellee's testimony that he ultimately resolved the debts that were outstanding at the time the property was conveyed to Appellant does not alter our conclusion, "as the critical inquiry is [Appellee's] intent at the time of transfer." *Carden v. Carden*, 253 Ga. 546, 547 (2) (322 SE2d 226) (1984) (trial court erred in denying wife's motion for judgment notwithstanding verdict on the issue of whether she held property in resulting trust for her husband); OCGA § 18-2-74 (a) (1)

(transfer is fraudulent as to a creditor if made "[w]ith actual intent to hinder, delay, or defraud any creditor of the debtor.").[1]

2. Given our conclusion in Division 1, we need not address Appellant's argument that the trial court erred in entering a judgment requiring Appellant to convey the property to Appellee and his attorney as tenants in common.

*Judgment reversed. McFadden and Ray, JJ., concur.*

---

[1] We note also that in his argument opposing Appellant's motion for directed verdict, Appellee's counsel indicated that the transfer to Appellant was intended to improve Appellee's bargaining position, stating that if the property were in Appellee's name "[i]t might weaken his resolving these problems."