22142. MORGAN v. WRIGHT.

386

Submitted September 9, 1963—Decided October 10, 1963—
Rehearing denied November 7, 1963.

*James C. Holcombe*, for plaintiff in error.

*Hicks & Howard*, contra.

Duckworth, Chief Justice. ■ Headnote 1 requires no elaboration.

■ The petitioner alleges that he and the defendant, who was a married woman, were engaged to be married and in contemplation of that event and without other consideration he gave the ring here involved to the defendant. The petition, as amended, then alleges that thereafter the defendant informed petitioner that she had no intention whatsoever of marrying him. The prayers are (1) that the court of equity cancel the conveyance of the ring from petitioner to the defendant; (2) that the court of equity raise an implied trust, and through specific performance decree that the defendant reconvey said engagement ring to the petitioner; and that (3) the defendant be enjoined from transferring

or encumbering the ring; and for general relief. With the frank admission that, although knowing the defendant was living with her lawful husband, the petitioner entered into an agreement with her to marry her, and as a part of that unrighteous deal gave her an engagement ring; and because she refused to divorce her husband and marry him, he comes to a court of conscience and seeks equitable aid to recover the ring. Despite the plain case of utterly unclean hands, the petitioner ignores the well settled rule that one with unclean hands can not obtain relief in equity, *Code* § 37-104, *McKinney v. Atkinson*, 209 Ga. 49 (2) (70 SE2d 769), and cases cited therein, and relies upon *Guffin v. Kelly*, 191 Ga. 880 (14 SE2d 50). In that case a third party was involved which might distinguish it from the present one where no third party is involved. Furthermore, Presiding Justice Atkinson dissented in that case, and hence this court would not be required to follow it. But since that case is so similar on its facts, and since it is palpably wrong, we prefer to expressly disapprove it and to approve the dissenting opinion as being a sound statement of the law.

The deliberate attempt to take another man's wife from him, and entering into an engagement with her to marry at a time when she could not lawfully marry, and giving a ring to further such an unlawful engagement is a defiance of public policy and constitutes the rankest sort of unclean hands. The doors of equity are closed to the petitioner and deny him any relief whatsoever. While the writer of this opinion concurred in the decision in the *Guffin* case, supra, I am unable now to see how I did it. I am convinced that that case was decided wrong and join all my associates in expressly disapproving it. While in the absence of unclean hands equity would declare an implied trust under *Code* § 48-108, it will not do so because of unclean hands. The court erred in overruling the general demurrer and refusing to dismiss the petition, as amended.

*Judgment reversed. All the Justices concur.*