32140. CLAIRE v. RUE DE PARIS, INC.
32141. CLAIRE v. RUE DE PARIS OF BUCKHEAD, INC.
32160. RUE DE PARIS, INC., et al. v. CLAIRE.

BOWLES, Justice.

Cases numbered 32140 and 32141 are appeals to this court from an order of the Superior Court of Fulton County, Georgia, granting summary judgment in favor of the defendant in each case. Appellant here, plaintiff in the court below, filed identical petitions in Fulton Superior Court against the respective defendants, alleging in each that he is a shareholder in each of the defendant corporations, owning 33 1/3 percent of all outstanding shares. Each complaint says that the acts of those in

control of each corporation are illegal and/or fraudulent and the corporations and the plaintiff will suffer irreparable injury unless a dissolution is ordered. He alleges that the corporation assets are being misapplied and/or wasted. Each complaint is brought under Georgia Code Ann. § 22-1317. He seeks to recover attorney fees and by way of relief, asks that an injunction issue enjoining the officers and directors of each corporation from disposing of the corporate assets, that each corporation be dissolved, that costs be taxed against the defendant and general relief. Each defendant filed a timely answer, and Rue de Paris, Inc. filed a counterclaim against plaintiff. There was substantial discovery including the deposition of the plaintiff. Each defendant filed a motion for summary judgment. In opposition to those motions, plaintiff filed with the court four affidavits. One affiant said he had personally purchased and consumed on the premises of the Rue de Paris Restaurant alcholic beverages on Sunday. Another said as a bartender he had been personally instructed by an owner of the Rue de Paris Restaurant how to mix water with alcoholic beverages sold and served at the restaurant and had been instructed to serve "watered down" alcoholic beverages to patrons. Another affiant declared that he had seen alcoholic beverages served on Sunday at Rue de Paris of Buckhead, Inc. and that he had been served alcoholic beverages on Sundays by employees of Rue de Paris of Buckhead, Inc. Another affiant confirmed that he had purchased and consumed on the premises of the Rue de Paris Restaurant alcoholic beverages on Sundays. Another confirmed that she had been employed by the defendant as a bookkeeper from the date of incorporation until June, 1975. She swore that during that period cash sales were regularly voided on the cash register and the proceeds therefrom were not reflected on defendants' accounting statements or tax returns as income; and that this practice was instituted on the express instructions of Aaron Alembik, an officer and director of defendants; that cash so withheld from defendants' income was received by the current officers of the corporation; and that the accounting records of the defendants after the termination of plaintiff's services led the witness to

believe that the practice was continuing and that the shareholders were being damaged thereby.

The deposition of the plaintiff showed that he and two other principals organized each of the corporations for the purpose of carrying on restaurant businesses and each of the parties received one-third of the outstanding capital stock in each corporation; that Rue de Paris, Inc., was organized first, with plaintiff in charge of the day to day operation of that restaurant business which was located in what is known as the Underground area of the City of Atlanta; and that there were intercompany transactions. He also testified that he took money from the cash register for his friends to drink; that the three of them, witness, and the other two principals, took $50.00 a week cash out of the business; and that he also charged personal expenses such as long distance telephone calls to Europe and flowers for his wife to the company for which no reimbursement was made. He testified that he had an agreement with the other owners to take home food and liquor for personal consumption, and he also gave to a personal friend a case of wine because "we did not have it on the inventory, anyway." He admitted receiving money from liquor sales the bartender did not account for on the register. The trial judge sustained defendants' motions for summary judgment and plaintiff appeals. We affirm.

Code § 22-1317 (a) (1) (B). "Jurisdiction of court to liquidate assets and business of corporation.—(a) the superior courts shall have full power to liquidate the assets and business of a corporation: (1) In an action by a shareholder when it is established: . . . (B) That the acts of the directors or those in control of the corporation are illegal or fraudulent;"

Code § 22-1318 authorizes the court in such instances to issue injunctions, to appoint a receiver and to afford to the complaining party other equitable relief.

Plaintiff's complaint in each case seeks equitable relief. While plaintiff does not have to illustrate all of his evidence upon meeting a motion for summary judgment, the only evidence he has illustrated here is that the places of business sold alcholic beverages on Sunday; they sold "watered down" drinks to the customers; and the principals of the corporation including plaintiff took

money out of the business each week without proper accounting. He readily admits that he has personally taken money from the business. He also admits he took food and beverages from the business. He, therefore, comes into court with unclean hands and must be denied the relief he seeks. The defendants need not invoke the clean hands maxim as the court will apply it of its own accord. *McKinney v. Atkinson,* 209 Ga. 49 (2) (70 SE2d 769) (1952); *Morgan v. Wright,* 219 Ga. 385 (2) (133 SE2d 341) (1963); *Reynolds v. Reynolds,* 238 Ga. 1 (230 SE2d 842) (1977); *Daniell v. Collins,* 222 Ga. 1 (148 SE2d 295) (1966).

The rule is firmly established that ". . .where stockholders in a corporation participate in the performance of an act, or acquiesce in and ratify the same, they are estopped to complain thereof in equity." *Bloodworth v. Bloodworth,* 225 Ga. 379, 387 (169 SE2d 150) (1969). This applies to derivative shareholder claims as well as direct actions against corporations. *Pickett v. Payne,* 230 Ga. 786 (199 SE2d 223) (1973).

Under the "clean hands" maxim, "whenever a party, who, as actor, seeks to set the judicial machinery in motion and obtain some remedy, has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him in limine; the court will refuse to interfere on his behalf, to acknowledge his right, or to award him any remedy." *Smith v. Nix,* 206 Ga. 403 (57 SE2d 275) (1950) and cits.

It would contravene the principles of equity and good conscience to allow a director and stockholder to complain about the acts of the other directors of the corporation in taking money from the business, when the moving party himself readily admits that he had acted in concert with the managing officers in doing the very same thing. Additionally, where a plaintiff readily admits that he has personally taken money and properties of the corporation for his personal use his hands are "unclean" within the meaning of the term, and they are not made clean by his removal from office and subsequently filing suit against the corporation asking dissolution.

Therefore, the judgments of the lower court in Case Nos. 32140 and 32141 are hereby affirmed. Because of affirmance in those cases, the question raised in Case No.

32160 is now moot and the appeal in that case is hereby dismissed.

*Judgment affirmed in 32140 and 32141. Appeal dismissed in 32160.*

*All the Justices concur, except Hall, J., who dissents.*

ARGUED APRIL 12, 1977 — DECIDED JUNE 8, 1977.

*Ridley & Nordin, Randy A. Nordin,* for Claire.
*Nicholson & Meals, Robert N. Meals, Alembik & Alembik, Judith M. Alembik,* for Rue de Paris, Inc. et al.