### 74730. MILES v. DEEN.
(361 SE2d 60)

BANKE, Presiding Judge.

This is an action for interpleader and declaratory relief filed by Baxley State Bank to determine the proper disposition of certain life insurance benefits paid to the bank by Cotton States Life Insurance Company. The bank had received the insurance proceeds by virtue of

its status as primary beneficiary of a Cotton States policy covering the life of Herbert L. Deen, Jr. Mr. Deen's former wife, appellee Adna K. Deen, was designated both as the owner of the policy and as the secondary beneficiary thereunder.

Mr. and Mrs. Deen were divorced while the policy was in force; and, pursuant to a separation agreement which was incorporated into their divorce decree, Mrs. Deen was required to "execute any and all documents which may be necessary for her to convey any and all interest she may have or claim in stocks, bonds, insurance policies, certificates of deposit and life insurance acquired during their marriage. . . ." It is undisputed that Mrs. Deen's interest in the policy was encompassed by this language; however, she never executed any document conveying her interest therein to the decedent.

Upon Mr. Deen's death, Cotton States paid Baxley State Bank the $50,000 death benefit due under the policy. After applying a portion of these funds towards an indebtedness Mr. Deen had owed the bank, the bank paid the surplus, in the approximate amount of $45,000, into the registry of the court and filed the present action. Both Mrs. Deen and the appellant herein, who is the executrix of Mr. Deen's estate, made claim to the money.

The executrix moved for summary judgment, asserting a legal and equitable entitlement to the funds on the basis of the separation agreement and divorce decree. Mrs. Deen opposed the motion on the basis of her affidavit stating that the decedent had told her during his lifetime, at a meeting arranged for the purpose of executing the documents contemplated by the separation agreement and divorce decree, "that the Cotton States insurance policy was 'owned' by [her] and that she would retain the ownership of said policy as she had since its inception." Mrs. Deen further averred that she was entitled to receive "25,000 as a lump-sum property settlement under the terms of the divorce decree but had received only $15,000, and she asserted that the estate consequently had "no standing to attempt to enforce any of the terms of the agreement . . . under the 'clean-hands doctrine.' " The trial court denied the motion for summary judgment, and the executrix filed this appeal. *Held*:

1. Normally, in order for a written agreement to be modified by a subsequent parol agreement between the parties, the parol agreement must itself be supported by adequate consideration. See *Ryder Truck Lines v. Scott*, 129 Ga. App. 871 (3) (201 SE2d 672) (1973); *Giant Peanut & Grain Co. v. Long Mfg. Co.*, 129 Ga. App. 685 (201 SE2d 26) (1973). The record in the present case contains no suggestion that the decedent received any consideration in return for his alleged waiver of his right to ownership of the Cotton States policy, nor has it been shown that the parties engaged in any course of conduct which would estop the estate from asserting such failure of consideration in

the present action. Compare *J. E. M. Enterprises v. Taco Pronto*, 145 Ga. App. 573 (1) (244 SE2d 253) (1978).

2. Mrs. Deen's affidavit cannot, in any event, be considered evidence that the decedent in fact made the oral declaration she seeks to attribute to him. "Before a decedent's declarations may be admitted they must be shown to be necessary and trustworthy — 'that is, there must be *something present which the law considers a substitute for the oath of the declarant and his cross-examination by the party against whom the hearsay is offered.*' [Cit.]" *Belote v. Belote*, 167 Ga. App. 8, 10 (5) (306 SE2d 24) (1983). (Emphasis in original.) The necessary guarantee of trustworthiness is missing in this case, as it was in *Belote*, in that the declarations are offered by the person who stands the most to gain from their admission.

3. The asserted failure of the decedent to complete payment of his property settlement obligation does not establish a defense to the executrix's claim to the insurance proceeds based on the "clean-hands doctrine." That doctrine has application only to actions in equity. See generally *Morgan v. Wright*, 219 Ga. 385 (133 SE2d 341) (1963). Although the executrix's claim to the insurance proceeds is based on an alleged equitable right of ownership therein, she seeks no equitable remedy but only a money judgment. Consequently, this is not an action in equity. See generally *Comstock v. Tarbush*, 200 Ga. 320 (37 SE2d 148) (1946). Moreover, it is extremely doubtful that the decedent's mere failure to pay a lawful debt owed to the appellee could, in and of itself, be considered the type of illegal, immoral, fraudulent, or unconscionable conduct contemplated by the clean-hands doctrine. See generally *Tanner v. Wilson*, 193 Ga. 211, 215 (17 SE2d 581) (1941). Thus, while Mrs. Deen certainly is entitled to assert a claim against the estate for the $10,000 allegedly still owed her pursuant to the terms of the property settlement, the existence of such a claim does not defeat the estate's claim to the $45,000 in life insurance proceeds at issue in this action.

4. For the foregoing reasons, we hold that the trial court erred in denying the executrix's motion for summary judgment.

*Judgment reversed. Carley and Benham, JJ., concur.*

DECIDED SEPTEMBER 11, 1987.

*B. Kaye Katz*, for appellant.
*Emmett P. Johnson, J. Alexander Johnson*, for appellee.