[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15878
_____

Docket No. 1:11-cv-00111-SCJ

FEDERAL DEPOSIT INSURANCE CORPORATION,
as receiver for Integrity Bank of Alpharetta, Georgia,

Plaintiff-Appellant,

versus

STEVEN M. SKOW,
ALAN K. ARNOLD, et al.

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 23, 2013)

Before MARCUS and EDMONDSON, Circuit Judges, and VINSON, [*] District
Judge.

_____

[*] Honorable C. Roger Vinson, United States District Judge for the Northern District of  Florida,
sitting by designation.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA, PURSUANT TO O.C.G.A. § 15-2-9.  TO THE SUPREME COURT OF GEORGIA AND ITS HONORABLE JUSTICES:

This interlocutory appeal arises from a civil action filed by the Federal Deposit Insurance Corporation ("FDIC"), as receiver for Integrity Bank ("Bank"), against former Bank directors and corporate officers ("Defendants").  The FDIC seeks to recover losses that the Bank suffered as a result of Defendants' alleged negligent conduct.  Because this appeal presents a determinative issue of state law that has not yet been addressed definitively by Georgia's highest court, we certify questions to the Georgia Supreme Court.  For the issue presented of federal law, we affirm the district court's denial of the FDIC's motion for partial summary judgment to strike Defendants' affirmative defenses.

I.    Background

As members of the Bank's Director Loan Committee, Defendants were responsible for overseeing and maintaining the Bank's credit function, which included approving loans in excess of $500,000.  The FDIC alleges that

2

Defendants were negligent in pursuing an unsustainable growth strategy, engaging in high risk lending practices, and in approving loans which resulted in losses exceeding $70 million. The Bank ultimately closed in 2008, and the FDIC was appointed as the Bank's receiver.

Acting as the Bank's receiver,[1] the FDIC filed this civil action against Defendants, asserting -- among other things -- claims for ordinary negligence and for breach of fiduciary duty based on ordinary negligence.[2] In response to the action, Defendants asserted various affirmative defenses, including (1) the FDIC's failure to mitigate damages, (2) reliance, and (3) estoppel.[3]

In the light of Georgia's business judgment rule, Defendants also filed motions to dismiss the FDIC's complaint. Defendants argued that the FDIC's allegations failed to rebut sufficiently the presumption of good faith, enjoyed by Defendants under the business judgment rule. The district court concluded that the FDIC's claims for ordinary negligence and for breach of fiduciary duty based on

---

[1] Pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), the FDIC succeeded to all rights, titles, powers and privileges of the Bank, including claims against the Bank's former directors and officers for negligence and breach of fiduciary duties. See 12 U.S.C. § 1821(d)(2)(A)(i).

[2] The FDIC also asserted claims for gross negligence and for breach of fiduciary duty based on gross negligence. These claims remain pending in the district court.

[3] Defendants' other affirmative defenses are not before us in this interlocutory appeal.

3

ordinary negligence were, as a matter of law, precluded by Georgia's business judgment rule; so, the court granted, in part, Defendants' motions to dismiss.[4]

The district court denied the FDIC's motion for reconsideration of the court's dismissal. The court wrote that a cause of action for ordinary negligence against an officer or director technically existed: based on the standard of care set forth in O.C.G.A. § 7-1-490; but the district court went on to say that application of the business judgment rule rendered such ordinary negligence claims unviable.

The district court also denied the FDIC's motion for partial summary judgment to strike Defendants' affirmative defenses as they applied to the FDIC's post-receivership conduct in its role as receiver.[5] In doing so, the district court rejected the FDIC's argument that Defendants' affirmative defenses were barred as a matter of law by a federal common law "no duty" rule.

The district court certified both issues for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b).

---

[4] The district court denied Defendants' motions to dismiss the FDIC's claims for gross negligence and for breach of fiduciary duty based on gross negligence.

[5] The district court had earlier granted the FDIC's motion to strike Defendants' affirmative defenses based on the FDIC's pre-receivership conduct performed in its regulatory capacity. This decision is no part of this appeal.

4

II.    Discussion


A.    Georgia's Business Judgment Rule


On appeal, the FDIC first challenges the district court's dismissal of the FDIC's claims for ordinary negligence and for breach of fiduciary duty based on ordinary negligence.

In concluding, as a matter of state law, that ordinary negligence claims are not viable against bank directors and officers because of Georgia's business judgment rule, the district court relied heavily on language from two Georgia Court of Appeals opinions.  In Flexible Products Co. v. Ervast, the state appellate court said , in dicta, that Georgia's business judgment rule "forecloses liability in officers and directors for ordinary negligence in discharging their duties."  643 S.E.2d 560, 564 (Ga. Ct. App. 2007).

Two years later, the state appellate court again wrote about whether corporate officers and directors may be held liable for claims of ordinary negligence.  See Brock Built, LLC v. Blake, 686 S.E.2d 425 (Ga. Ct. App. 2009).  There, the court explained that Georgia's "business judgment rule affords an officer the presumption that he or she acted in good faith, and absolves the officer of personal liability unless it is established that he or she engaged in fraud, bad

5

faith or an abuse of discretion." Brock Built, 686 S.E.2d at 430. "Allegations amounting to mere negligence, carelessness, or 'lackadaisical performance' are insufficient as a matter of law." Id. The Brock Built court then concluded that, because the plaintiff had alleged merely "negligent or careless performance" and had not alleged sufficiently fraud, bad faith, or abuse of discretion, the plaintiff failed to state a claim for breach of fiduciary duty. Id. at 431.

When resolving issues of state law on which the state's highest court has not spoken, we must give "'proper regard' to relevant rulings of other courts of the State." Comm'r v. Estate of Bosch, 87 S.Ct. 1776, 1782-83 (1967). We have done so. But in attempting to ascertain the law of Georgia on director liability, it appears to us that the state appellate court opinions in Flexible Products and Brock Built might contradict the plain language of the pertinent Georgia statute.

Georgia's banking code provides that "[d]irectors and officers of a bank . . . shall discharge the duties of their respective positions in good faith and with that diligence, care, and skill which ordinarily prudent men would exercise under similar circumstances in like positions." O.C.G.A. § 7-1-490(a) (emphasis added). "A director or officer who so performs his duties shall have no liability by reason of being or having been a director or officer of the bank . . . ." Id.

We accept that the plain statutory language can easily mean that, for a bank director or officer to avoid liability, he must perform his duties both in good faith

6

and with "ordinary diligence."  See O.C.G.A. § 51-1-2 ("ordinary diligence is that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances.").  Under Georgia law, failure to exercise ordinary diligence constitutes "ordinary negligence."  Id.  Based on our reading of the pertinent statutory language, it appears to us that a bank director or officer who acts in good faith might still be subject to a claim for ordinary negligence if he failed to act with ordinary diligence. [6]

In the light of the plausible conflict between the plain language of O.C.G.A. § 7-1-490 and the state intermediate appellate courts' discussions of Georgia's business judgment rule in Flexible Products and Brock Built, we conclude that the question of whether bank directors and officers may be subject to claims for ordinary negligence is debatable under Georgia law.[7]

We believe that "[s]ubstantial doubt about a question of state law upon which a particular case turns should be resolved by certifying the question to the

---

[6] Although not dispositive of this case, we addressed a similar issue in FDIC v. Stahl, 89 F.3d 1510 (11th Cir. 1996).  There we examined Florida statutory language similar to the language in O.C.G.A. § 7-1-490(a): language that talked about the standard for director liability.  We concluded that Florida's court-made business judgment rule did not raise the statutory standard of care to a gross negligence standard because the business judgment rule protected a director only if the director acted with ordinary care under the statute.  See Stahl, 89 F.3d at 1517-18.

[7] That this question of Georgia law is debatable is further evidenced by the fact that Georgia's judges may possibly have interpreted inconsistently Georgia's standard for director liability.  See Rosenfeld v. Rosenfeld, 648 S.E.2d 399, 406 (Ga. App. 2007) (physical precedent only) (distinguishing -- but not with a direct explanation -- Flexible Products and concluding that, to avoid liability, a corporate officer "must act in good faith . . . and with due care . . . .").

7

state supreme court." Jones v. Dillard's, Inc., 331 F.3d 1259, 1268 (11th Cir. 2003). Pursuant to O.C.G.A. § 15-2-9, we may certify an unresolved question of state law to the Supreme Court of Georgia if the question is determinative of the case and no clear controlling precedent from the Supreme Court of Georgia exists. Because we are now faced with such a situation, we certify the following questions to the Supreme Court of Georgia:[8]

> (1) Does a bank director or officer violate the standard of care established by O.C.G.A. § 7-1-490 when he acts in good faith but fails to act with "ordinary diligence," as that term is defined in O.C.G.A. § 51-1-2?

> (2) In a case like this one, applying Georgia's business judgment rule, can the bank officer or director defendants be held individually liable if they, in fact as alleged, are shown to have been ordinarily negligent or to have breached a fiduciary duty, based on ordinary negligence in performing professional duties?

---

[8] We acknowledge that the Northern District of Georgia has certified recently a similar question to the Supreme Court of Georgia. See FDIC v. Loudermilk, et al., No. 1:12-CV-4156-TWT, 2013 WL 6178463 (N.D. Ga. Nov. 25, 2013). We certify in this case, anyway. Georgia's Supreme Court can decide how similar the cases are under Georgia law, assuming the questions in both cases (given the inherent possibility of settlements, stays, and so on) actually reach a decision before that state high court.

In certifying these questions, we do not intend to restrict the issues considered by the state court or to limit the state court's discretion in choosing how to frame or to answer these issues in the light of the facts of this case. See Miller v. Scottsdale Ins. Co., 410 F.3d 678, 682 (11th Cir. 2005). We ask broadly for the state court's help in getting the state law right in this case. To assist the state court's consideration of the questions, the entire record in this case and the briefs of the parties are transmitted along with this certification.

### B.    Affirmative Defenses

The FDIC challenges the district court's denial of its motion for partial summary judgment to strike Defendants' affirmative defenses.[9] The FDIC argues that, under well-established federal common law, the FDIC owes no duty to bank

---

[9]Although Defendants assert separate affirmative defenses for failure to mitigate, reliance, and estoppel, the district court analyzed these defenses together because all three defenses rely on the theory that the FDIC's recovery in this case should be reduced based on the FDIC's own conduct. On appeal, both parties combine these three defenses together and argue under a single analysis of the "no duty" rule. We accept that, although these defenses constitute three separate affirmative defenses, at this stage of the proceedings the "no duty" issue might -- depending on our decision -- bar all three. Thus, our analysis of the "no duty" rule applies to each of the defenses.

Because the district court limited expressly its ruling on FDIC's motion for summary judgment to the "no duty" issue, our review is also limited to the "no duty" legal issue. Thus, although we conclude that Defendants are not barred by the "no duty" rule from raising these three affirmative defenses, Defendants bear the burden of otherwise establishing each defense in the district court.

9

directors or officers.  Under this "no duty" rule, the FDIC contends that Defendants' asserted affirmative defenses are unavailable, as a matter of law.

That FIRREA is silent on this issue is undisputed.  Matters not addressed by FIRREA are governed generally by state law.  See O'Melveny & Myers v. FDIC, 114 S.Ct. 2048, 2054 (1994).  One exception, however, is where a "previously established and long-standing" rule of federal common law predated FIRREA's enactment.  See Motorcity of Jacksonville, Ltd. v. Se. Bank, N.A., 120 F.3d 1140, 1143-44 (11th Cir. 1997) (en banc).  This exception is what the FDIC advances here.

In support of its argument for the exception, the FDIC cites several cases -- including three circuit court decisions -- decided before Congress enacted FIRREA in 1989 that apply a "no duty" rule.  No Supreme Court decisions are cited on point.  And we stress that the FDIC cites no decisions from this Circuit (or the old Fifth Circuit).  Furthermore, even if we accept the cited decisions as evidencing the existence of some common law "no duty" rule pre-dating FIRREA, the rule these decisions establish is materially different from the rule asserted by the FDIC in this appeal.

The circuit decisions relied upon by the FDIC stand at most for the proposition that a bank's officers and directors cannot assert tort claims against the FDIC because the FDIC owes them no duty.  See, e.g. Harmsen v. Smith, 586 F.2d

156, 157-58 (9th Cir. 1978) (affirming the dismissal of negligence claims filed by bank directors against the Comptroller of the Currency because "the federal scheme of bank regulation creates no duty from the Comptroller to shareholders and directors of national banks"); First State Bank v. United States, 599 F.2d 558 (3d Cir. 1979) (concluding that a bank failed to state a claim for negligence against the FDIC because the FDIC owed no duty to the bank); North Dakota v. Merchants Nat'l Bank & Trust Co., 634 F.2d 368, 379 n.20 (8th Cir. 1980) (noting that the National Banking Act "does not impose on the Comptroller an actionable duty to an examined bank or its stockholders for damages arising from negligent performance of the statutory obligation.").

The FDIC cites to only four district court cases (decided just the year before FIRREA's enactment) which address whether a party being sued by the FDIC may assert against the FDIC affirmative defenses -- based on the FDIC's own conduct -- that reduce the FDIC's ability to recover damages.[10]  Although these district court decisions might lend some support to the FDIC's abstract legal argument that "no duty" should exist,[11] this sprinkle of then-recent decisions completely fails to

---

[10] See FSLIC v. Roy, No. JFM-87-1227, 1988 U.S. Dist. LEXIS 6840 (D. Md. 1988); FDIC v. Renda, 692 F. Supp. 128 (D. Kan. 1988); FDIC v. Carlson, 698 F. Supp. 178 (D. Minn. 1988); FSLIC v. Burdette, 718 F. Supp. 649 (E.D. Tenn. 1989).

[11] In applying a "no duty" rule to bar affirmative defenses raised against the FDIC, these district court opinions have stretched the reasoning that has traditionally been used to support decisions barring claims against the FDIC and have applied that reasoning to a different circumstance.  We must remember a vital point of jurisprudence: "[t]here is . . . an important difference between the

11

demonstrate the real existence of the indispensable "established and long-standing" federal common law rule: one exempting the FDIC from defenses under state law. See Motorcity of Jacksonville, 120 F.3d at 1143-44.

We disagree with the FDIC's characterization of these district court cases as merely "refining" the long-standing common law "no duty" rule, if "refining" is to be understood as doing something unimportant. An important difference exists between following precedent and extending precedent. In asking this Court to apply a "no duty" rule -- which bars tort actions brought by a bank's directors and officers against the FDIC -- to bar affirmative defenses asserted against the FDIC when it is the one advancing claims, the FDIC is asking us to extend a purported federal common law rule to a new and significantly different context. In other words, the FDIC is asking this Court to act like a common law court and to create federal common law to fit this kind of case. We cannot do it now because we are restrained by Supreme Court precedent.

Federal common law is basically complete and closed. The Supreme Court has made clear that we may create federal common law only in the "few and restricted" cases in which there exists "a significant conflict between some federal policy or interest and the use of state law." See O'Melveny & Myers, 114 S.Ct. at

---

holding in a case and the reasoning that supports that holding." See Crawford-El v. Britton, 118 S.Ct. 1584, 1590 (1998).

2055.  Nothing evidences -- and the FDIC does not actually assert -- that this case presents such a situation.[12]

Because the FDIC has failed to demonstrate the existence of an established and long-standing common law rule barring Defendants' affirmative defenses, and because we must decline to create a barring rule, the FDIC is unentitled to partial summary judgment.  We affirm the district court's ruling.

AFFIRMED IN PART; QUESTIONS CERTIFIED.

---

[12] By the way, the distinction that strikes us between applying a "no duty" rule to bar tort claims brought against the FDIC and applying a "no duty" rule to bar affirmative defenses raised by defendants sued by the FDIC is not a mere technical one or one of pre- or post-O'Melveny timing only.  For instance, a legitimate question exists about whether a "no duty" rule should -- as a policy matter -- apply where the FDIC's duty to mitigate its damages is a duty owed to the general public, that is, to society, not just one owed (or not owed) specifically to these Defendants.  See O.C.G.A. § 51-12-11 ("When a person is injured by the negligence of another, he must mitigate his damages as far as is practicable by the use of ordinary care and diligence.").  Resolving that serious question would require the kind of thorough and thoughtful analysis of common law duty issues against which O'Melveny commands.