In the Supreme Court of Georgia

Decided: September 22, 2014

S14Q0623.  FEDERAL DEPOSIT INSURANCE CORPORATION v. SKOW et al.

HUNSTEIN, Justice.

In this civil action involving alleged negligence and breach of fiduciary duty on the part of former officers and directors of a now-defunct state-chartered Georgia bank, the Eleventh Circuit Court of Appeals has certified the following questions for resolution by this Court:

> (1) Does a bank director or officer violate the standard of care established by OCGA § 7-1-490 when he acts in good faith but fails to act with "ordinary diligence," as that term is defined in OCGA § 51-1-2?
>
> (2) In a case like this one, applying Georgia's business judgment rule, can the bank officer or director defendants be held individually liable if they, in fact as alleged, are shown to have been ordinarily negligent or to have breached a fiduciary duty, based on ordinary negligence in performing professional duties?
> In a similar case presenting questions certified by a federal district court,

this Court has recently considered the interplay between the Georgia Banking Code's provisions prescribing the responsibility of bank directors and officers, OCGA § 7-1-490, and Georgia's common law business judgment rule.  Fed.

Deposit Ins. Corp. v. Loudermilk, __ Ga. __, 2014 WL 3396655 (July 11, 2014).  Our opinion in Loudermilk is dispositive of the questions presented here, which we answer as follows.

(1) A bank director or officer may violate the standard of care established by OCGA § 7-1-490, even where he acts in good faith, where, with respect to the process by which he makes decisions, he fails to exercise the diligence, care, and skill of "ordinarily prudent men [acting] under similar circumstances in like positions."  OCGA § 7-1-490; Loudermilk, 2014 WL 3396655, at *9.  As we noted in Loudermilk, "process" in this context refers to the mode by which one deliberates and ascertains the facts relevant to the decision at hand.  Id. at *5, 9.  As we also recognized, the level of diligence required is only that "as would be exercised by 'ordinarily prudent' officers and directors of a similarly situated bank."  Id. at *12.

(2) In a case like this one, the bank officer or director defendants may be held individually liable if they are shown to have violated the standard of care established by OCGA § 7-1-490, as construed in Loudermilk, supra.

Certified questions answered.  Thompson, C.J., Hines, P.J., Benham, Melton, Blackwell, JJ., and Judge Stephen Louis Dillard concur.  Nahmias, J., disqualified.