[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15878
_____

Docket No. 1:11-cv-00111-SCJ

FEDERAL DEPOSIT INSURANCE CORPORATION,
as receiver for Integrity Bank of Alpharetta, Georgia,

Plaintiff-Appellant,

versus

STEVEN M. SKOW,
ALAN K. ARNOLD, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 24, 2014)

Before MARCUS and EDMONDSON, Circuit Judges, and VINSON, [*] District Judge.

PER CURIAM:

In this interlocutory appeal, the Federal Deposit Insurance Corporation ("FDIC"), as receiver for Integrity Bank ("Bank"), challenged the district court's dismissal of its claims against the Bank's directors and corporate officers for ordinary negligence and for breach of fiduciary duty based on ordinary negligence.[1]  The parties disputed whether, under Georgia law, bank directors and officers could be subject to claims for ordinary negligence.

Having concluded that the answer to that question was "debatable under Georgia law," we certified these two questions to the Supreme Court of Georgia:

(1) Does a bank director or officer violate the standard of care established by O.C.G.A. § 7-1-490 when he acts in good faith but fails to act with "ordinary diligence," as that term is defined in O.C.G.A. § 51-1-2?

---

[*] Honorable C. Roger Vinson, United States District Judge for the Northern District of Florida, sitting by designation.

[1] The FDIC also challenged the district court's denial of its motion for partial summary judgment to strike the defendants' affirmative defenses.  We affirmed -- and affirm today -- the district court's ruling on this issue of federal law in our earlier opinion.  See Fed. Deposit Ins. Corp. v. Skow, 741 F.3d 1342, 1347-49 (11th Cir. 2013).

2

(2) In a case like this one, applying Georgia's business judgment rule, can the bank officer or director defendants be held individually liable if they, in fact as alleged, are shown to have been ordinarily negligent or to have breached a fiduciary duty, based on ordinary negligence in performing professional duties?

Fed. Deposit Ins. Corp. v. Skow, 741 F.3d 1342, 1346-47 (11th Cir. 2013).[2]

In the light of its recent decision in Fed. Deposit Ins. Corp. v. Loudermilk, 761 S.E.2d 332 (Ga. 2014), the Supreme Court of Georgia now advises us that "[a] bank director or officer may violate the standard of care established by O.C.G.A. § 7-1-490, even where he acts in good faith, where, with respect to the process by which he makes decisions, he fails to exercise the diligence, care, and skill of 'ordinarily prudent men [acting] under similar circumstances in like positions.'" Fed. Deposit Ins. Corp. v. Skow, 2014 Ga. LEXIS 739, *2 (Ga. 2014).  And, "[i]n a case like this one, the bank officer or director defendants may be held individually liable if they are shown to have violated the standard of care established by O.C.G.A. § 7-1-490." Id.  This then is the law of Georgia.

---

[2] The facts for this appeal are set out in our initial opinion.  See Skow, 741 F.3d at 1344-45.

Based on these definitive responses to our certified questions, we vacate the district court's orders (1) dismissing the FDIC's claims for ordinary negligence and for breach of fiduciary duty based on ordinary negligence and (2) denying the FDIC's motion for reconsideration, and remand the case for further proceedings consistent with this opinion and our earlier opinion in this appeal.

AFFIRMED IN PART, VACATED IN PART and REMANDED.